**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DOYLE L. HEARD,**

     **Petitioner,**

**v.**                                                    **Case No. 3:24cv002-MCR/MAF**

**RICKY D. DIXON, Secretary,
Department of Corrections,**

     **Respondents.**

_____/

## <u>ORDER</u>

The Magistrate Judge issued a Report and Recommendation, recommending the dismissal of Doyle L. Heard's habeas petition as untimely.  ECF No. 36.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant 28 U.S.C. § 636(b)(1).  I have made a *de novo* review of all timely filed objections.

Contrary to Heard's objections, the Magistrate Judge correctly applied the time limit of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to his challenge to the execution of his sentence.  *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); *see also Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)) (holding that the habeas petition of a prisoner in custody

pursuant to a state court judgment is subject to the restrictions of both § 2241 and 2254). The record confirms that this case is time-barred as the last state court decision was filed in 2019, and this federal habeas petition was not filed until November 2023—well after the one-year limitation expired. Also, the Magistrate Judge correctly concluded that no basis for tolling the limitation exists. Heard's suggestion that the Eleventh Circuit authorized him to file this as a successive petition similarly lacks merit. While Heard filed this petition originally in the Eleventh Circuit, the court transferred the case to the district court for filing as an original petition and made no determination regarding timeliness.

Having considered the Report and Recommendation, and all timely filed objections *de novo*, the Court has determined that the Report and Recommendation should be adopted.

Accordingly:

1. The Report and Recommendation, ECF No. 36, is adopted and incorporated by reference in this order.

2. Respondent's Motion to Dismiss as Untimely, ECF No. 31, is **GRANTED**, and the amended § 2254 petition for writ of habeas corpus, ECF No. 7, even if construed as brought pursuant to § 2241, is **DISMISSED as untimely**.

3.    A certificate of appealability is **DENIED** and leave to appeal in forma

pauperis is also **DENIED**.

**DONE AND ORDERED** this 28th day of January 2025.


s/ *M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**